1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   DEREK L. CORDEIRO,

12                                 Petitioner,

13

14       vs.

15

16

17   ROBERT J. HERNANDEZ, Warden; and
     EDMUND GERALD BROWN, JR., the
18   Attorney General of the State of
     California,
19                                 Respondents.

20

**CASE NO. 08-CV-01519-H (CAB)**

**ORDER:**

**(1) ADOPTING IN PART REPORT AND RECOMMENDATION**

**(2) DENYING MOTION TO DISMISS**

**(3) DENYING MOTION TO STAY &**

**(4) DENYING MOTION FOR EXTENSION OF TIME TO FILE AMENDED PETITION**

21          On August 13, 2008, Petitioner Derek Cordeiro, a state prisoner proceeding pro se, filed a

22   Petition for Writ of Habeas Corpus ("Petitioner") pursuant to 28 U.S.C. § 2254, challenging his

23   conviction in San Diego Superior Court Case No. SCD181044. (Doc. No. 1 at 36.) Petitioner alleges

24   numerous violations of his rights under the United States Constitution.  On October 17, 2008,

25   Respondents Robert J. Hernandez and Edmund Gerald Brown, Jr. filed a motion to dismiss the

26   Petition as untimely, or in the alternative, on the grounds that the majority of Petitioner's claims are

27   unexhausted.  (Doc. No. 8.)  On November 24, 2008,

28

1    Petitioner filed a motion to stay his federal petition pending exhaustion of his state court remedies.

2    (Doc. No. 12.)  In his motion to stay, Petitioner also made a general objection to Respondents' motion

3    to dismiss.  (Id.)  On January 20, 2009, the magistrate judge issued a Report and Recommendation

4    ("R&R") that the Court grant Respondents' motion to dismiss and deny as moot Petitioner's motion

5    to stay.  (Doc. No. 19.)  Petitioner filed objections to the R&R on February 2, 2009.  (Doc. No. 22.)

6    On January 22, 2009, Petitioner filed a motion for purpose of both clarification and his own good faith

7    diligence to bring his pleadings into civility (Doc. No. 21.), which the Court denied and noted that it

8    would consider the document along with Petitioner's objections to the R&R.  (Doc. No. 23.)  On

9    February 4, 2009, Petitioner filed a notice to the Court that he no longer needed a stay as every claim

10   has now been fully exhausted and a motion for an extension of time to file amended petition.  (Doc.

11   No. 25.)  On April 2, 2009, Petitioner filed an amended petition.

12         The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is

13   appropriate for resolution without oral argument and submits the matter on the papers.  For the reasons

14   set forth below, the Court adopts in part the R&R, denies Respondents' motion to dismiss based on

15   untimeliness and failure to exhaust, denies as moot Petitioner's motion to stay, and denies as moot

16   Petitioner's motion for an extension of time to file amended petition.

17                                        **Background**

18         On January 12, 2005, Petitioner was sentenced to a total term of 85 years to life for two counts

19   of lewd and lascivious acts upon a minor child in violation of California Penal Code 288(a), one count

20   of indecent exposure in violation of California Penal Code 314(1), one count of child annoyance with

21   a previous felony conviction for lewd act upon a child in violation of California Penal Code

22   647.6(c)(2), and two strike priors.  (Lodgment No. 4.)  On May 30, 2006, Petitioner filed a petition

23   for review in the California Supreme Court in which he alleged numerous claims for ineffective

24   assistance of trial counsel.  (Lodgment No. 1.)  On August 18, 2006, the California Supreme Court

25   summarily denied the petition.  (Lodgment No. 2.)  On August 1, 2007, Petitioner signed a state

26   habeas petition, which was subsequently filed in San Diego Superior Court on August 30, 2007.

27   (Lodgment No. 3.)  The Superior Court denied the petition on October 29, 2007.  (Id.)  On January

28   22, 2008, Petitioner constructively filed a state habeas petition in the California Court of Appeal,

Fourth Appellate District, Division One, which was denied on May 8, 2008.  (Lodgment Nos. 5, 6.) On July 3, 2008, Petitioner constructively filed a state habeas petition in the California Supreme Court, which was denied on January 21, 2009.  (Lodgment No. 9; Doc. No. 25, Ex. 2.)

On August 13, 2008, Petitioner constructively filed the current federal habeas petition.  (Doc. No. 1 at 36.) On September 4, 2008, the Court issued a standard notice regarding possible failure to exhaust and the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A)-(D).  (Doc. No. 3.)  On October 1, 2008, Petitioner indicated to the Court that he wished to move to stay the Petition so that he may exhaust his claims in state court (Doc. No. 6) and the Court informed Petitioner of the requirements for demonstrating a stay is appropriate in this case.  (Doc. No. 7.)  On October 17, 2008, Respondents filed a motion to dismiss the Petition as untimely, or in the alternative, because it contains numerous unexhausted claims.  (Doc. No. 8.)  On November 24, 2008 Petitioner filed a motion to stay, which also contained a general opposition to Respondents' motion to dismiss.  (Doc. No. 12.)

On December 16, 2008, the Court ordered Petitioner to submit a signed declaration, stating, to the best of his recollection, the date on which he believed his first state habeas petition (HC 19093) to prison authorities in order for it to be mailed to the San Diego Superior Court.  (Doc. No. 13.) Petitioner submitted a declaration on January 15, 2009.  (Doc. No. 18.)  On January 20, 2009, the magistrate judge filed a report and recommendation to grant Respondents' motion to dismiss, to dismiss the Petition with prejudice based on untimeliness, and deny the motion to stay as moot.  (Doc. No. 19 at 10.)

## **Discussion**

### I. **Timeliness**

Respondents argue that the Petition should be dismissed as untimely based upon the applicable statute of limitations.  This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") because it was filed after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 336 (1997).  AEDPA provides that:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus

by a person in custody pursuant to the judgment of a State court. The limitation period

1     shall run from the latest of--

2     (A) the date on which the judgment became final by the conclusion of direct review

3     or the expiration of the time for seeking such review;

4     (B) the date on which the impediment to filing an application created by State action

5     in violation of the Constitution or laws of the United States is removed, if the applicant

6     was prevented from filing by such State action;

7     (C) the date on which the constitutional right asserted was initially recognized by the

8     Supreme Court, if the right has been newly recognized by the Supreme Court and made

9     retroactively applicable to cases on collateral review; or

10     (D) the date on which the factual predicate of the claim or claims presented could have

11     been discovered through the exercise of due diligence.

12 28 U.S.C. § 2244(d)(1).

13     In this case, the limitation period began to run from the date on which the judgment became

14 final due to the conclusion of direct review, as Petitioner sought direct review in the California

15 Supreme Court. (Lodgment No. 1.) The "conclusion of direct review" is not the denial of review by

16 the California Supreme Court, but 90 days thereafter, upon the expiration of the time in which to file

17 a petition for writ of certiorari in the United States Supreme Court. Tillema v. Long, 253 F.3d 494,

18 498 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the California

19 Supreme Court denied Petitioner's petition for direct review on August 16, 2006, and Petitioner did

20 not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, the statute

21 of limitations began running on November 14, 2006 and expired on November 15, 2007. Fed. R. Civ.

22 Pro. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

23 Petitioner did not file the federal petition until August 13, 2008. See Anthony v. Cambra, 236 F.3d

24 568, 575 (9th Cir. 2000) (habeas petitioners are entitled to the benefit of the prison mailbox rule).

25 Therefore, his Petition is time-barred as it was filed in excess of the one-year statute of limitations

26 unless the statute of limitations is subject to statutory or equitable tolling.

27 **A. Statutory Tolling**

28     The AEDPA one-year statute of limitations is tolled for "[t]he time which a properly filed

1   application for State post-conviction or other collateral review with respect to the pertinent judgment

2   or claim is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction relief is pending

3   during the "intervals between a lower court decision and a filing of a new petition in a higher court."

4   Carey v. Saffold, 536 U.S. 214, 223 (2002); see also Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir.

5   2003) (stating an application for post-conviction review is pending "in the absence of undue delay,"

6   while a California petitioner "complete[s] a full round of [state] collateral review").

**1. Filing of First State Habeas Petition**

8       Petitioner completed and signed his first state habeas petition on August 1, 2007, and it was

9   stamped "filed" with the Superior Court on August 30, 2007. (Lodgment No. 3.) A pro se prisoner's

10  federal and state habeas petitions are deemed filed when the prisoner delivers the petition to prison

11  authorities for mailing. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and

12  remanded on other grounds, Carey, 536 U.S. 214. The "mailbox" rule was adopted because a prisoner

13  is powerless and unable to control the time of delivery of documents to the court. Id. at 1268.

14      As the record did not contain the date on which Petitioner delivered his first petition for

15  mailing, the Court ordered Petitioner to submit a signed declaration stating, to the best of his

16  recollection, the date on which he delivered his first state habeas petition (HC 19093) to prison

17  authorities in order for it to be mailed to the San Diego Superior Court. (Doc. No. 13.) Petitioner filed

18  a declaration in response on January 15, 2009. (Doc. No. 18.) Petitioner's declaration states,

19  "Petitioner has since wrote his family and obtained a date which his records show, and he so believes

20  is accurate, to be the date of which he filed his habeas corpus petition before the San Diego Superior

21  Court. That date shows to be August 14, 2007." (Doc. No. 18 ¶ 3.) Petitioner states, "though the

22  mailing of the document may not have received the benefit of the Mailbox Rule, and may not have

23  been actually or tangibly filed with the Court until and as much as two weeks later." (Id.) The

24  petition was stamped "filed" on August 30, 2007.

25      As the petition was stamped "filed" in the Superior Court on August 30, 2007, it was

26  necessarily delivered by Petitioner for mailing at some point before August 30, 2007. Petitioner states

27  in his declaration that he believes it was filed, referencing the Mailbox Rule, on August 14, 2007. He

28  states that the petition may not have obtained the benefit of the Mailbox Rule and was actually filed

in the Superior Court "until and as much as two weeks later." (Doc. No. 18 ¶ 3.) Petitioner's account of when he submitted the petition to authorities or when it was actually mailed and when he believes it was tangibly filed is in accordance with the Superior Court filing date, as August 30 is approximately two weeks after August 14. The Court, therefore, accepts August 14, 2007, as the date Petitioner's first state habeas petition was filed with the benefit of the Mailbox Rule.

### 2. Reasonableness of Delay

Based upon the August 14, 2007 filing date, at the time Petitioner filed his first state habeas petition, 273 days of the limitations period had lapsed. The Superior Court denied the state petition on October 29, 2007. (Lodgment No. 4.) Petitioner filed his next state petition in the Court of Appeal on January 22, 2008. (Lodgment No. 5.) Respondents argue that Petitioner should not be entitled to gap tolling between the denial of his state petition in the Superior Court and the filing of his next state petition in the Court of Appeal because the 85-day delay was unreasonable.

A state prisoner in California is not entitled to gap tolling if he does not file a new petition in a higher court within a "reasonable time." Evans v. Chavis, 546 U.S. 189, 199-200 (2006). Although the reasonable time standard in California is undefined, the United States Supreme Court has assumed it is equivalent to the short periods of time, 30 to 60 days, that most states provide for filing a timely appeal. Id. at 200-01. The Supreme Court in Evans, where the petitioner waited 6 months between the denial of his state habeas petition in the California Court of Appeal and the filing of a state habeas petition in the California Supreme Court, stated that, "[s]ix months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." Id. at 201. The Court noted, "that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules. Id. at 199-200 (quoting Carey, 536 U.S. at 222-223).

Petitioner does not offer any reasons as to why he waited 85 days before he filed his next state petition in the Court of Appeal. Both his Superior Court and Court of Appeal petitions present essentially the same issues and arguments. The Court concludes that this unexplained, unjustified delay of 85 days is unreasonable, as it is clearly longer than "the 'short period[s] of time,' 30 to 60

days, that most States provide for filing an appeal to the state supreme court." Id. at 201. Accordingly, the Court concludes that the 85-day unexplained, unjustified delay to be an unreasonable delay under California law and the interval between Petitioner's first and second state habeas petitions therefore cannot be tolled.

When these 85 days of untolled time are combined with the 273 days of untolled time prior to the filing of Petitioner's first state petition, 358 days of the one-year statute of limitations had elapsed on January 22, 2008 when Petitioner filed a state habeas petition in the California Court of Appeal, triggering another period of statutory tolling. The Court of Appeal denied the petition on May 8, 2008. Petitioner then filed a state habeas petition in the California Supreme Court on July 3, 2008, which was pending when Petitioner filed this federal habeas petition on August 18, 2008. Respondents do not contend that the 56-day gap between the Court of Appeal's denial of his state petition and the filing of his subsequent petition in the California Supreme Court was unreasonable. Therefore, the statute of limitations was tolled during the pendency of these state habeas petitions and the one-year period had not fully elapsed, making Petitioner's filing of his federal habeas petition on August 13, 2008 timely. Accordingly, the Court denies Respondents' motion to dismiss based on untimeliness.

**B. Equitable Tolling**

As Petitioner meets the statutory time, the Court concludes that it is unnecessary to address Petitioner's claim for equitable tolling.

**II. Exhaustion**

Respondents also moved to dismiss the Petition on the basis that Petitioner has failed to exhaust all of his claims. Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after

exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995).

Petitioner alleges four grounds for relief in his federal petition:

(1) appellate counsel was ineffective in failing to argue on appeal that the trial counsel was ineffective in (a) failing to investigate and challenge the use of his prior convictions to enhance his sentence, (b) failing to investigate whether pedophiles can be rehabilitated, (c) asserting a rehabilitated prior offender defense, and (d) failing to object to the testimony of prosecution witnesses regarding their knowledge of his prior sex offenses;

(2) the use of his prior convictions to increase his sentence violated due process because the prior convictions were infirm;

(3) trial counsel was ineffective in (a) failing to investigate the charges against him and his prior convictions, (b) failing to investigate whether pedophiles can be cured, (c) failing to object to the alleged instances of prosecutorial misconduct, (d) failing to press for a more definitive ruling on admissibility of uncharged sex offenses committed between 1972 and 1979, (e) failing to introduce the shorts he was wearing on the day of the incident, (f) forcing him to testify, (g) failing to object to the testimony of the arresting officer for the sex crime that resulted in his 1985 conviction, and (h) failing to move to exclude his prior guilty plea convictions on the ground that they were invalid because he was not then advised that they could be used for sentence enhancements in future cases; and

(4) the cumulative effect of trial counsel's errors violated the Sixth Amendment.

(Doc. No. 1.)  Respondents argue that Petitioner has not exhausted all of these claims and sub-claims and therefore the petition should be dismissed.  (Doc. No. 8 at 7-8.)  At the time Petitioner filed his federal habeas petition, his habeas petition to the California Supreme Court (S164972) was pending.[1]

---

[1]On December 10, 2008, Petitioner constructively filed a second habeas petition in the California Supreme Court that is still pending.  (Doc. No. 25, Ex. 1.)  Because the Court concludes that Petitioner has already exhausted all of his federal claims, the pendency of his second petition to the California Supreme Court does not affect the status of his federal petition.

08cv1519

(Lodgment No. 7.)  The California Supreme Court denied the petition on January 21, 2009.  (Doc. No. 25, Ex. 2.)   After carefully reviewing Petitioner's California Supreme Court petition, the Court concludes that Petitioner has exhausted all of his federal claims.  Petitioner presented all of the claims and sub-claims in his federal petition to the California Supreme Court and the California Supreme Court denied his state petition.  (See Lodgment No. 7; Doc. No. 25, Ex. 2.)  Accordingly, the Court denies Respondents' motion to dismiss for failure to exhaust.

On February 4, 2009, Petitioner filed a motion for extension of time to file an amended petition and contended that based upon the California Supreme Court's January 21st decision, all of his claims are now exhausted and indicated that he no longer required a stay of the proceedings.  (Doc. No. 25.)  On April 2, 2009, Petitioner filed an amended petition. The Court  denies Petitioner's motion to stay as moot, denies Petitioner's motion for an extension of time as moot, and accepts his amended petition as all claims are now exhausted.

## **Conclusion**

Based on the foregoing, the Court adopts in part the report and recommendation, denies Respondents' motion to dismiss based on untimeliness and failure to exhaust, denies as moot Petitioner's motion to stay, and denies as moot Petitioner's motion for extension of time to file an amended petition.

Respondents shall file and serve an answer to the amended petition, and a memorandum of points and authorities in support of such answer, pursuant to Rule 5 of the Rules Governing § 2254 cases no later than June 17, 2009.  At the time the answer is filed, Respondents shall lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments shall be accompanied by a notice of lodgment which shall be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case–To Be Sent to Clerk's Office."  Respondents shall not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item shall be numbered separately and sequentially.

Petitioner may file a traverse to matters raised in the answer no later than July 17, 2009.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters

1    raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the

2    Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse

3    shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

4            The Court refers the case to the magistrate judge for a report and recommendation on

5    the merits.

6            **IT IS SO ORDERED.**

7    DATED: April 17, 2009

8

9                                              MARILYN L. HUFF, District Judge
                                              UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28