1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

DEREK L. CORDEIRO,

12

Petitioner,

13

vs.

14
15

ROBERT J. HERNANDEZ, Warden; and
EDMUND GERALD BROWN, JR., the

16

Attorney General of the State of
California,

17
18

Respondents.

CASE NO. 08-CV-01519-H (CAB)

**ORDER DENYING:**

**(1) RESPONDENTS' MOTION TO DISMISS**
**(Doc. 31.)**

**AND**

**(2) PETITIONER'S MOTION**
**(Doc. 35.)**

19
20
21
22
23
24
25
26
27
28

On August 18, 2008, Petitioner Derek Cordeiro ("Petitioner"), a state prisoner
proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254,
challenging his conviction for two counts of lewd and lascivious acts upon a minor, one count
of indecent exposure, and one count of child annoyance. (Doc. No. 1 at 36.) On April 20,
2009, Petitioner filed an amended petition. (Doc. No. 28.) On June 17, 2009, Respondents
filed a motion to dismiss Petitioner's petition for failure to exhaust state court remedies on six
of the seven claims in Petitioner's amended petition. (Doc. No. 31.) On July 24, 2009,
Petitioner filed a response in opposition to Respondents' motion to dismiss with an attachment
indicating all claims exhausted in state court. (Doc. No. 33., Ex. C) On August 4, 2009,

Petitioner filed a motion concerning his mail.  (Doc. No. 35.)  On December 4, 2009, the magistrate judge issued a Report and Recommendation that the Court deny Respondents' motion to dismiss and deny Petitioner's motion.  (Doc. No. 19.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits the matter on the papers.  For the reasons set forth below, the Court adopts the R&R, denying Respondents' motion to dismiss based on failure to exhaust and denying Petitioner's motion without prejudice.

**Background**

On January 12, 2005, Petitioner was sentenced to a total term of eighty five years to life for two counts of lewd and lascivious acts upon a minor child in violation of California Penal Code 288(a), one count of indecent exposure in violation of California Penal Code 314(1), one count of child annoyance with a previous felony conviction for lewd act upon a child in violation of California Penal Code 647.6(c)(2), and two strikes prior.  (Lodg. No. 4.)  On May 30, 2006, Petitioner filed a petition for review in the California Supreme Court in which he alleged numerous claims for ineffective assistance of trial counsel.  (Lodg. No. 1.)  On August 18, 2006, the California Supreme Court summarily denied the petition.  (Lodg. No. 2.)  On August 1, 2007, Petitioner signed a state habeas petition, which was subsequently filed in San Diego Superior Court on August 30, 2007.  (Lodg. No. 3.)  The Superior Court denied the petition on October 29, 2007.  (Id.)  On January 22, 2008, Petitioner constructively filed a state habeas petition in the California Court of Appeal, Fourth Appellate District, Division One.  (Lodg. No. 5.)  The California Court of Appeal, Fourth Appellate District, Division One denied the petition on May 8, 2008.  (Lodg. No. 6.)  On July 3, 2008, Petitioner constructively filed a state habeas petition in the California Supreme Court.  (Lodg. No. 9; Doc. No. 25, Ex. 2.)  On August 18, 2008, Petitioner constructively filed the current federal habeas petition.  (Doc. No. 1 at 36.)  On January 7, 2009, Petitioner filed a second habeas petition in California Supreme Court as case number S169564.  (Doc. No. 29, Attach. 1.)  Two weeks later, on January 21, 2009, the California Supreme Court denied Petitioner's first petition, case number S164972.  (Doc. No. 25, Ex. 2.)  On April 20, 2009, Petitioner filed a First Amended Petition

with the Court. (Doc. No. 28.)  Petitioner alleged seven grounds for relief in his First Amended Petition: (1) prosecutorial misconduct and ineffective assistance of counsel; (2) the trial court violated his right to a fair trial by instructing the jury that uncharged crimes evidence need only be proved by a preponderance of evidence; (3) there was insufficient evidence to support his convictions for committing lewd act on a child; (4) the trial court should have imposed a sentence akin to the one prescribed or continuous sexual abuse of a child; (5) the trial court erred in imposing excessive consecutive terms; (6) his sentence constitutes cruel and unusual punishment; and (7) the cumulative effect of the trial errors was prejudicial. (Doc. No. 28.) On June 24, 2009, the California Supreme Court denied Petitioner's second petition, case number S169564.  (Doc. No. 33, Ex. C.)

**Discussion**

**I. Scope of Review and Applicable Legal Standard**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If a party objects to any portion of a magistrate judge's report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.  The district court must make a de novo review of all conclusions of law, even if no objection is made. Avratin v. Bermudez, 420 F. Supp.2d 1121, 1122-23 (S.D. Cal. 2006) (citing Barilla v. Irvin, 886 F.2d 1514, 1518 (9th Cir. 1989), overruled on other grounds).

Congress amended the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254(d) to provide the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

- 3 -

08cv01519

1  court proceeding.

2  28 U.S.C. § 2254(d).

3  AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus

4  filed by state prisoners.  28 U.S.C. § 2244(d).  The one-year limitations period runs from the

5  latest of:

6  (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;
7

8  (B) the date on which the impediment to filing an application created by State
    action in violation of the Constitution or laws of the United States is removed,
    if the applicant was prevented from filing by such State action;
9

10 (C) the date on which the Constitutional right asserted was initially recognized
    by the Supreme Court, if the right has been newly recognized by the Supreme
    Court and made retroactively applicable to cases on collateral review; or
11

12 (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

13 28 U.S.C. § 2244(d)(1).

14 **II. Respondents' Motion to Dismiss**

15 Respondents moved to dismiss the petition on the basis that Petitioner has failed

16 to exhaust all of his claims.  Prisoners in state custody who wish to challenge in federal

17 habeas proceedings either the fact or length of their confinement first are required to

18 exhaust state judicial remedies by presenting the highest state court available with a fair

19 opportunity to rule on the merits of every claim they seek to raise in federal court. See

20 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  If available

21 state remedies have not been exhausted as to all claims, the district court must dismiss

22 the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988). A dismissal

23 solely for failure to exhaust is not a bar to returning to federal court after exhausting

24 available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th

25 Cir.1995).

26 Respondents contend that Petitioner has not exhausted claims two through seven

27 because they are "currently pending in the California Supreme Court . . . and until [that

28 court] rules on . . . the petition, grounds two through seven are unexhausted."  (Doc.

No. 31.)  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (prior to filing a habeas petition state prisoners must first exhaust state judicial remedies by allowing the highest state court an opportunity to rule on the merits of every claim). Respondents argue the petition should be dismissed without prejudice, or petitioner should be afforded an opportunity to delete the unexhausted grounds and proceed on the exhausted one.   (Doc. No. 31.)  In opposition, Petitioner asserts the California Supreme Court ruled on the pending petition, and he submits a copy of the order. (Doc. No. 33, Ex. C.)  The California Supreme Court denied the petition on June 24, 2009, only a few days after Respondent filed this Motion to Dismiss. (Doc. No. 33, Ex. C.)

After reviewing Petitioner's California Supreme Court petition, case number S169564, the Court concludes that Petitioner has exhausted all of his federal claims by presenting all his First Amended Petition claims to the California Supreme Court. (Doc. No. 29, Attach. 1.)  Accordingly, the Court denies Respondents' motion to dismiss for failure to exhaust.

**III. Petitioner's Motion**

Petitioner alleges prison officials violated his constitutional rights by interfering with the processing of his legal mail.  (Doc. No. 35.)  Petitioner's motion challenges Petitioner's conditions of confinement and is properly brought in a civil rights complaint under 42 U.S.C. § 1983.  See Wilwording v. Swanson, 404 U.S. 249, 251 (1971) (per curiam), overruled on other grounds by Woodford v. Ngo, 548 U.S. 81 (2006).  Although the Court has discretion to convert habeas petitions to prisoner civil rights complaints, the circumstances are not appropriate for use of such discretionary power.  Id. at 251.  Most of Petitioner's claims are appropriate for habeas review, and he has not satisfied either the filing fee or exhaustion requirements for bringing a civil rights complaint.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1) (filing fee of $350 for civil rights complaints or qualification to proceed *in forma pauperis*); 42 U.S.C. § 1997e (civil rights complaints may not be made in federal court until all prison administrative remedies are exhausted).  Additionally, the Court notes that it denied Respondents'

motion to dismiss after concluding Petitioner has satisfied the exhaustion requirements with regard to his habeas petition.   Therefore, the Court denies without prejudice Petitioner's motion concerning his mail.

### Conclusion

For the reasons set forth above, the Court ORDERS the following:

(1) The Court ADOPTS the Report and Recommendation.

(2) The Court DENIES Respondents' motion to dismiss.

(3) The Court DENIES WITHOUT PREJUDICE Petitioner's motion.

**IT IS SO ORDERED.**

DATED: January 25, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

08cv01519